tion of the employé, that we shall overlook the fact that he is an em—
ployé, or in the master's service or engaged in his work, so that the
negligence of a superintendent shall not be imputed to him as that of
a co-servant; but it does not purport to change, nor can it change,
the fact that he is not upon the premises as a sightseer, an interloper,
or a trespasser, but is there for the defendant, and at his request. It
would be too technical a construction of the statute for the court to
turn the plaintiff into a trespasser or an interloper when he is upon the
premises for a legitimate and proper purpose, and for the benefit of the
defendant. The motion to set aside the verdict and for a new trial is
therefore denied. Sixty days' additional time is given in which to
make a case, if an appeal is seasonably taken.

Motion denied.

---

(41 Misc. Rep. 127.)

LEGAL AID SOC. v. CO–OPERATIVE LEGAL AID SOC. et al.

(Supreme Court, Special Term, New York County. June, 1903.)

1. CORPORATIONS—NAMES—SIMILARITY—INJUNCTION.

Plaintiff corporation was organized and known as "The Legal Aid
Society," and under such name for several years had rendered legal aid
to persons needing and deserving the same. Thereafter defendant cor-
poration was organized and incorporated under the name of "The Co-
operative Legal Aid Society." *Held*, that defendant's name was so
similar to that of plaintiff that it was calculated to deceive the public,
and hence plaintiff was entitled to an injunction restraining defendant
from using the same.

Action by the Legal Aid Society against the Co-operative Legal
Aid Society and others. Motion for an injunction pendente lite to
restrain defendants' use of another's name. Motion granted.

Dulon & Roe (Rudolf Dulon, of counsel), for the motion.
Robert H. Ernest, opposed.

GIEGERICH, J. The plaintiff is an organization incorporated for
the purpose of rendering legal aid to persons needing and deserving
such aid. Its expenses are largely defrayed by contributions of its
members and other benevolent persons. During the 27 years of its
existence it has handled 146,798 cases at an expense to itself of $148,-
052, and has recovered over $1,000,000 for its clients. During the
year 1902 it handled over 15,000 cases at an expense of over $17,000,
and recovered for its clients over $53,000. Its name and the benevo-
lent character of its work have become well known throughout the
community. In April, 1903, the defendant was incorporated under
the name "The Co-operative Legal Aid Society," and is soliciting busi-
ness under that name in a room at 132 Nassau street, in this city. An
example of its activities is shown in a communication attached to the
moving affidavits, which is printed upon its stationery and directed to
"Mr. Mock Hung, Bellevue Hospital," offering to take his case on a
contingency, and to send a representative to call upon him if he should
be unable to come to its office. The defendant denies that it had any
knowledge at the time of its incorporation of the name of the plaintiff,
and insists that there are various other organizations in this city of

a similar name, such as the "People's Legal Aid Society," and the "New York and Brooklyn Legal Aid Society." The replying affidavits on behalf of the plaintiff state that the former society is conducted by persons who obtain personal injury cases by means of circulars and the personal solicitation of their agents, and that a number of such clients have afterward come to the plaintiff for advice, and stated that they had made agreements with such persons to conduct their cases for not less than 25 per cent. of the amount recovered. It is also stated that that society has discontinued business. In the replying affidavits it is further explained that the "New York and Brooklyn Legal Aid Society" is a name adopted by an individual lawyer within the last few months for the purpose of getting business, and that he has been warned to discontinue the use of that name, or proceedings would be taken against him. Without going further into the facts, it is enough to state my conclusion that the motion for a temporary injunction should be granted. There is a grave doubt in my mind whether the name is properly descriptive of the business of the defendant, as the same is disclosed in the papers submitted. That it is calculated to deceive and will deceive large numbers of persons who would carry their business to it upon the strength of the plaintiff's reputation, and in the belief that they were dealing with the plaintiff, there can be no doubt. The class of persons to whom the plaintiff has extended its assistance is such that they are more likely to be deceived by the similarity of name than would persons of wider experience and information.

The motion should be granted, with $10 costs, provided the plaintiff, within 10 days after service of notice of entry of the order hereon, which is to be entered on 2 days' notice of settlement, give an undertaking, in a sum to be specified in such order, to the effect that it will pay to the defendant such damages as the latter may sustain by reason of the injunction if the court finally decides that it was not entitled thereto.

Ordered accordingly.